**PENSION BENEFIT GUARANTY CORPORATION, Plaintiff,**

**v.**

**Richard E. SCHERLING and Harold Wendorf, Defendants.**

**No. C88–0101.**

United States District Court, N.D. Iowa, Cedar Rapids Division.

April 4, 1989.

Carol Connor Flowe, Gen. Counsel, Jeanne K. Beck, Deputy Gen. Counsel, Harold J. Ashner, Acting Asst. Gen. Counsel, James J. Armbruster, Ralph L. Landy, Attys., Pension Ben. Guar. Corp., Washington, D.C., Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff.

David M. Elderkin, Cedar Rapids, Iowa, for defendant Harold Wendorf.

Raymond R. Stefani, William O. Gray, Cedar Rapids, Iowa, for defendant Richard E. Scherling.

ORDER

HANSEN, District Judge.

This matter is before the court on defendant Wendorf's resisted motion to dismiss, filed August 17, 1988, and defendant Scherling's resisted motion to dismiss, filed August 22, 1988. The defendants assert identical arguments in support of their pending motions which attack the Pension Benefit Guaranty Corporation's (PBGC) action as being brought outside of the statute of limitations.

The pending action is brought by the PBGC to recover for an alleged breach of fiduciary duties by the defendants. Plaintiff alleges that the defendants violated their fiduciary duties under 29 U.S.C. § 1104(a) and 29 U.S.C. § 1105(a), and engaged in prohibited transactions in violation of 29 U.S.C. § 1106(a) and (b). Before answering plaintiff's complaint, defendants filed the pending motions to dismiss on the ground that plaintiff did not bring this action within the statute of limitations.

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be provided in support of the claim. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). It is well established that, in passing on a motion to dismiss the allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973). The plaintiff alleges that defendants Scherling, the former vice-president of the Killian Company, and Wendorf, the former president of the Killian Company, were fiduciaries of the Killian Company Retirement Plan ("plan") under 29 U.S.C. § 1002(21). Scherling and Wendorf were also parties in interest with respect to the plan under 29 U.S.C. § 1002(14). The plan was established by the Killian Company ("Killian") on December 15, 1948, to provide pension benefits for certain of its employees. Killian was the administrator of the plan under 29 U.S.C. §§ 1002(16) and 1301(a)(1). The pension benefits provided by the plan were funded through premiums paid by Killian pursuant to Group Annuity Contract No. GA 35153 with Bankers Life Company. Scherling and Wendorf participated in the plan and retired on or about January 1, 1982.[1] On January 13, 1982, Scherling requested a lump sum distribution from the plan of $107,804.26, and Wen-

dorf requested a lump sum distribution of $185,286.11.

On January 21, 1982, Bankers Life Company sent Killian checks payable to Scherling and Wendorf for the requested lump sum distributions. Bankers Life Company advised Wendorf by letter dated January 21, 1982, that the plan would be charged an investment value adjustment of $112,899.29 as a result of the withdrawal of plan assets pursuant to the terms of the Group Annuity Contract, and that this might cause the plan to be underfunded. Scherling and Wendorf accepted their lump sum distributions and did not change their benefits election so that the plan would avoid the investment value adjustment.

The plan was terminated, and March 15, 1982, was established as the date of plan termination under 29 U.S.C. §§ 1342, 1348. On that date, the plan did not have sufficient assets to pay benefits when due to the participants in the plan. However, the plan would have had sufficient assets to pay benefits when due had Scherling and Wendorf elected to take their retirement benefits in the form of a monthly annuity, thereby enabling the plan to avoid the investment value adjustment. Killian filed for bankruptcy on April 8, 1982. The PBGC became statutory trustee of the plan on July 2, 1985. This action was filed July 5, 1988.

Defendants seek to dismiss this action on the basis that it was not commenced within the period set forth in the applicable statute of limitations, 29 U.S.C. § 1113, which provides:

(a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on

---

1. Scherling alleges his retirement date is January 31, 1980. This discrepancy is not material to the pending motions.

which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date (A) on which the plaintiff had actual knowledge of the breach or violation, or (B) on which a report from which he could reasonably be expected to have obtained knowledge of such breach or violation was filed with the Secretary under this title;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

*Id.*[2] This limitation of actions was enacted as part of Subchapter I of ERISA, regarding the protection of employee benefit rights, which is codified as amended at 29 U.S.C. §§ 1001–1168. The provisions which defendants allegedly violated, 29 U.S.C. §§ 1104(a), 1105(a), and 1106(a) and (b), were also enacted as part of Subchapter I of ERISA. Defendants assert that plaintiff brought this action more than six years after the last action which constituted the alleged violations of their fiduciary duties. Therefore, defendants argue, the statute of limitations bars this action.

In reply, plaintiff asserts that another statute of limitations, 29 U.S.C. § 1303(e)(6), applies to this case, and that, under that statute, this action is timely. 29 U.S.C. § 1303(e)(6) provides:

(6)(A) Except as provided in subparagraph (C), an action under this subsection may not be brought after the later of—

(i) 6 years after the date on which the cause of action arose, or

(ii) 3 years after the applicable date specified in subparagraph (B).

(B)(i) Except as provided in clause (ii), the applicable date specified in this subparagraph is the earliest date on which the corporation acquired or should have acquired actual knowledge of the existence of such cause of action.

(ii) If the corporation brings the action as a trustee, the applicable date specified in this subparagraph is the date on which the corporation became a trustee with respect to the plan if such date is later than the date described in clause (i).

(C) In the case of fraud or concealment, the period described in subparagraph (A)(ii) shall be extended to 6 years after the applicable date specified in subparagraph (B).

The PBGC insists that it brought this action three years after the date on which it became the statutory trustee of the plan, and that the action is therefore timely under 29 U.S.C. § 1303(e)(6)(B)(ii). As noted above, the PBGC became trustee of the plan on July 2, 1985. July 2, 1988 fell on a Saturday, and Monday, July 4, 1988 was a legal holiday. Therefore, this action was filed within three years of July 2, 1985, when it was filed on July 5, 1988. Fed.R. Civ.P. 6(a). The PBGC further alleges that this action is brought under Subchapter III of ERISA, regarding Plan Termination Insurance, pursuant to 29 U.S.C. § 1342(d)(1)(B)(ii) and (iv) to "collect for the plan any amounts due the plan" and to "commence … on behalf of the plan any suit or proceeding involving the plan." *Id.* Subchapter III of ERISA is codified as amended at 29 U.S.C. §§ 1301–1461, which includes the statute of limitations codified at 29 U.S.C. § 1303.

■ The issue before the court is whether an action brought by the PBGC under Subchapter III of ERISA to recover for alleged violations of Subchapter I of ERISA, 29 U.S.C. §§ 1104(a), 1105(a), and 1106(a) and (b), is subject to the statute of limitations contained in Subchapter I, at 29 U.S.C. § 1113. If such an action is subject to the limitations of 29 U.S.C. § 1113, the court must determine whether this action is barred by that section.

PBGC argues that the application of 29 U.S.C. § 1113 to this case would render 29 U.S.C. § 1303(e)(6) meaningless. This ar-

---

**2.** This statute has been amended by the Omnibus Budget Reconciliation Act of 1987, Pub.L. 100–203, § 9342, 101 Stat. 1330–1371 (1987). *See* H.R.Conf.Rep. No. 495, 100th Cong., 1st Sess. 888–89, *reprinted in* 1987 U.S.Code Cong. & Admin.News 2313–1, 2313–1634–2313–1635. The amendment applies to reports filed after December 31, 1987, and does not affect the issues posed by the pending motions.

gument is based on the language of 29 U.S.C. § 1303(e)(6)(B)(ii). Read in isolation, this language provides that "an action under this subsection may not be brought after the later of— ... 3 years after ... the date on which the corporation became a trustee with respect to the plan...." PBGC clearly brings this action under Subchapter III of ERISA to collect for the plan amounts due the plan. *See* 29 U.S.C. §§ 1342(d)(1)(B)(ii), (iv). As noted above, this action was brought three years after the date on which the PBGC became a trustee.

It is equally clear, however, that the claims asserted by PBGC on behalf of the plan allege breaches of fiduciary duties and obligations in violation of 29 U.S.C. §§ 1104(a), 1105(a), and 1106(a) and (b). With regard to these claims, 29 U.S.C. § 1113 prohibits actions brought after the earlier of "six years after ... the date of the last action which constituted a part of the breach or violation, or ... three years after the earliest date ... on which the plaintiff had actual knowledge of the breach or violation...." *Id.* Here, it appears that the "earlier" date is January 21, 1988—six years after the issuance of the checks to the defendants, which appears to be the last action which constituted a breach of 29 U.S.C. §§ 1104–1106.

The plain and unambiguous language of 29 U.S.C. § 1113 leads the court to conclude that it applies to all actions commenced under Title 29 of the United States Code, "with respect to a fiduciary's breach of any responsibility, duty, or obligation" under Part 4 of Subchapter I of ERISA, codified at 29 U.S.C. §§ 1101–1114. 29 U.S.C. § 1113(a). The broad language of 29 U.S.C. § 1113 does not heed plaintiff's status. Rather, it applies regardless of who brings the action—a participant, a beneficiary, a fiduciary, or the Secretary of Labor. *See* 29 U.S.C. § 1132; *see also Brock v. TIC Int'l Corp.*, 785 F.2d 168, 172–74 (7th Cir.1986) (discussing application of 29 U.S.C. § 1113 to Department of Labor and beneficiaries). The language of § 1113 does not provide an exception for the PBGC acting as trustee for a plan; nor does the language of 29 U.S.C. § 1303(e)(6)

provide that the PBGC may elude the otherwise broad coverage of § 1113. If, indeed, 29 U.S.C. § 1303(e)(6) reflects Congress's judgment that the PBGC's enforcement authority should not be limited by the application of § 1113, it does so in such an inartful manner as to avoid detection.

■ Having found 29 U.S.C. § 1113 applicable to the PBGC as plaintiff, the court must determine whether this action complies with these statutory requirements. The court finds that this action is untimely under 29 U.S.C. § 1113(a)(1), because it was filed more than six years after the date of the last action which constituted a part of the breach or violation. Here, the last action which constituted a part of the breach was the issuance of the lump sum distribution checks to defendants on January 21, 1982. Thereafter, the six year period expired on January 21, 1988. This action was filed on July 5, 1988. Therefore, this action is untimely under 29 U.S.C. § 1113(a)(1)(A).

PBGC argues that 29 U.S.C. § 1113 incorporates the common law rule, and that, despite the plain language of the ERISA statute of limitations, the statute does not begin to run against the PBGC until the PBGC is appointed trustee. The only support offered for this proposition is the case of *PBGC v. Greene*, 570 F.Supp. 1483, 1489–90 (W.D.Pa.1983), *aff'd mem.*, 727 F.2d 1100 (3d Cir.) *cert. denied sub nom. Allen v. PBGC*, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984). *Greene* simply does not stand for the proposition urged by PBGC. Rather than grafting a common law rule of trusts onto 29 U.S.C. § 1113, the court in *Greene* found that the ERISA statute of limitations did not apply to the case before it, which involved, in part, pre-ERISA claims. The court proceeded to address the Pennsylvania statute of limitations as urged by the defendants in that case. Here, in contrast, the complaint does not allege pre-ERISA claims. In this situation, the plain language of the federal statute controls, with the result that the PBGC's action must be dismissed as untimely.

## ORDER:

Accordingly, It Is Ordered:

1. Defendant Wendorf's motion to dismiss, filed August 17, 1988, is granted.

2. Defendant Scherling's motion to dismiss, filed August 22, 1988, is granted.

3. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted.

Done and Ordered.