MEMORANDUM & ORDER
RAYMOND J. DEARIE, United States District Judge *343 Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), is the statutory trustee of the Franshaw, Inc. Defined Benefit Pension Plan (the "Plan") and brings this action for breach of fiduciary duty against the Plan's former trustees, Defendants Murray S. Mizrachi and Ezra A Shamah ("Defendants") pursuant to various provisions of the Employee Retirement Income Security Act ("ERISA"). The PBGC's claims relate to certain allegedly improper loans made by Defendants using Plan funds. Defendants move to dismiss the PBGC's Complaint asserting that the PBGC has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and that the PBGC's claims are time barred. For the reasons that follow, and discussed at oral argument on January 10, 2019, the Court denies Defendants' motion to dismiss.
First, Plaintiff's breach of fiduciary duty claims do not require particularized pleading under Fed. R. Civ. P. 9(b). See Jander v. Retirement Plans Comm. of IBM, 910 F.3d 620, 631-32 (2d Cir. 2018) ; In re Polaroid ERISA Litig., 362 F.Supp.2d 461, 469-470 (S.D.N.Y. 2005). In any event, Plaintiff's complaint pleads specific facts describing the alleged improper loans, even attaching the relevant loan documents. Rule 9(b) exists to ensure a defendant has "fair notice of a plaintiff's claim" of fraud and the detail of Plaintiffs' pleading surely provides such notice. United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d Cir. 2016).
Second, Plaintiff's claims are not time barred. Though Defendants complain that the PBGC can "resurrect" decades-old and otherwise time-barred claims after being appointed plan trustee, ERISA's language is clear that these claims are not time barred and Defendants offer no reason as to why its plain terms should be disregarded. Subchapter III, Section 1303 of ERISA, which governs PBGC enforcement actions in the PBGC's capacity as trustee, specifies that when the PBGC brings an action, the limitation period relates back to the latter of one of two dates-six years from when the cause of action arose or three years from the "applicable date." 29 U.S.C. § 1303(e)(6) ; Pension Ben. Guar. Corp. v. Scherling, 905 F.2d 173, 175 (8th Cir. 1990). The "applicable date" when the PBGC sues as trustee is "the date on which the [PBGC] became a trustee." 29 U.S.C. § 1303(e)(6) ; Scherling, 905 F.2d at 175. Accordingly, the PBGC had three years from the date it became trustee, plus any time permitted by tolling agreement, to bring this action. PBGC became trustee of the Plan on August 6, 2014 and subsequently entered into two separate tolling agreements with Defendants, dated July 31, 2017 and October 26, 2017, respectively. The October 26, 2017 agreement extended the tolling date to and including March 31, 2018. PBGC thus properly filed the Complaint, consistent with Section 1303's plain terms, on March 29, 2018.
Finally, the Supreme Court's decision in Kokesh v. SEC, --- U.S. ----, 137 S.Ct. 1635, 198 L.Ed.2d 86 (2017) does not require the Court to stray from ERISA's plain language. In Kokesh, the Supreme Court held that because SEC disgorgement operates as a "penalty," any claim for disgorgement in an SEC enforcement action was subject to a five-year statute of limitations, without extension. Id. at 1644. The Court described three principle "hallmarks" making SEC disgorgement a "penalty": (i) the disgorgement was imposed for a violation of "public laws" committed against the United States "rather than an aggrieved individual," (ii) the disgorgement was imposed for "punitive purposes"
In light of the foregoing, Defendants' motion to dismiss is denied.
SO ORDERED.