In re **DIRECT SATELLITE COMMUNICATIONS, INC., Debtor.**

**DECHERT PRICE & RHOADS,**
**Counterclaim—Defendant and**
**Third Party Plaintiff,**

v.

**DIRECT SATELLITE COMMUNICATIONS, INC.,**
**Counterclaim—Plaintiff,**

v.

**Errett L. CARPENTER, Christopher D. Illick, Thomas K. McNeil and Kevin P. O'Brien, Third Party Defendants.**

**Bankruptcy No. 85–00571S.**
**Adv. No. 87–1071S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 30, 1988.

---

See also, Bkrtcy., 86 B.R. 390, Bkrtcy., 91 B.R. 7.

Spencer Ervin, Jr., Philadelphia, Pa., for counterclaim-plaintiff and Christopher D. Illick and Thomas K. McNeil.

George V. Strong, III, Philadelphia, Pa., for third party defendant-Christopher D. Illick.

Louis W. Fryman, Philadelphia, Pa., for Dechert Price & Rhoads.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

CHRISTOPHER D. ILLICK, THOMAS K. McNEIL, AND KEVIN P. O'BRIEN (hereinafter referred to as "the Movants"), three of four individuals joined as third-party defendants in this proceeding, have moved to dismiss the third-party claims against them on the ground that these claims are not related to the Debtor's bankruptcy case. This adversary proceeding originally involved only the Debtor and Counterclaim Plaintiff, DIRECT SATELLITE COMMUNICATIONS, INC. (hereinafter referred to as "the Debtor"), and the Plaintiff and Counterclaim Defendant, DECHERT PRICE & RHOADS (hereinafter referred to as "Dechert"). Dechert, who joined the Movants as third-party defendants, argues that, since the primary claim in this proceeding is core, pursuant to

28 U.S.C. § 157(b)(2)(C), see our previous Memorandum of February 29, 1988, in which we denied Dechert's motion to dismiss (hereinafter referred to as "Memo"), at 1, we should determine that the third-party complaint is related to the Debtor's bankruptcy or that we should assume pendent jurisdiction over this complaint. Although we are uncertain that the matter is in fact related to the Debtor's bankruptcy, *see In re Bobroff,* 766 F.2d 797, 802–04 (3d Cir.1985); and *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994–96 (3d Cir.1984), we believe that it would be proper for us to exercise our discretion to invoke pendent jurisdiction over this aspect of the proceeding, and we therefore deny the motion.

In our Memo, at 7–8, we rejected Dechert's argument that the fourth individual joined as a third-party defendant by it, ERRETT L. CARPENTER (hereinafter referred to as "Carpenter"), was an indispensable party, partly because Dechert could join him hereto as a third-party defendant. Dechert, of course, joined four individual parties, but it appears that Carpenter is the prime actor among them. Carpenter has answered pro se and has not joined the instant motion.

■ We can perceive no reason why a bankruptcy court cannot exercise pendent jurisdiction and hear non-federal claims raised in a proceeding before it, in the same fashion as any other federal court. *See In re Petrolia Corp.,* 79 B.R. 686, 690–94 (Bank.E.D.Mich.1987); *In re Coral Petroleum, Inc.,* 62 B.R. 699, 703–08 (Bank.S.D. Tex.1986); and *In re John Peterson Motors, Inc.,* 56 B.R. 588, 591–93 (Bankr.D. Minn.1986). Therefore, our task is to apply the general tests for whether a federal court should assert pendent jurisdiction over non-federal claims set forth in *United Mineworkers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); and 3A J. MOORE, FEDERAL PRACTICE, ¶ 18.07[1.–3], at 18–35 to 18–36 (2d ed. 1988), to the facts before us.

The first requirement of the test is that the federal claim be substantial. Here, the federal claim is a core proceeding over which we unquestionably have jurisdiction.

Secondly, the pendent claims must "derive from a common nucleus of operative fact," and must be of the sort normally triable in the same proceeding as the federal claim. *Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138; 3A J. MOORE, *supra,* at 18–36. Pursuant to Bankruptcy Rule 7014 and Federal Rule of Civil Procedure 14(a), the claims of Dechert against Carpenter and the Movants would normally be triable with the Debtor's claims against Dechert. Finally, the exercise of pendent jurisdiction is purely within the court's discretion, which discretion is effected by weighing the elements of "judicial economy, convenience, and fairness to litigants." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139; 3A. J. MOORE, *supra,* at 18–36.

Here, we believe that exercise of our discretion to hear the pendent third-party claims would be appropriate. The third-party defendants would be compelled to appear as witnesses and claims against them would be compelled to appear as witnesses and claims against them would be an aspect of Decher's defense irrespective of whether they are joined as parties to this proceeding. Carpenter would be here as a party in any event, as he has not moved for dismissal. It appears grossly unfair to Dechert and to Carpenter to make them engage in litigation in a different forum which would be identical to that here if they do not wish to do so.

Contrary to the Movants' contentions, we perceive nothing in *Bobroff* and *Pacor, supra,* which points towards a different result. Both cases were concerned with whether an entire proceeding had been properly removed to a bankruptcy court. In each case, the court held that the primary action was unrelated to the bankruptcy case to which the parties seeking to try the matter in the bankruptcy case attempted to justify its joinder. Here, the primary action is not only related to the Debtor's bankruptcy, but it is a core proceeding in it. At issue is only whether a portion of the proceeding which normally would be a part thereof should be severed because of the purportedly restricted nature of bankruptcy jurisdiction. Not only did the Court of

Appeals not address the concept of pendent jurisdiction in either case, but that concept could not possibly have been in issue in those cases. There was no independent bankruptcy law aspect of the cases in issue there to which a non-bankruptcy law portion could be pendent. The only argument which could have been and hence was made was that the entire proceeding was related to a bankruptcy case, an argument which the court rejected in each instance.

We shall therefore enter an Order denying the Movants' motion and, noting that the third-party defendants have all answered, remind counsel that they must comply strictly with the terms of our Second Amended Pre-trial Order of June 14, 1988.