In re K & R MINING, INC., Debtor.

James R. KANDEL, Trustee, Plaintiff,

v.

WAMPUM HARDWARE,
et al., Defendants.

Bankruptcy No. 687–00790.
Adv. No. 91–6009.

United States Bankruptcy Court,
N.D. Ohio.

Sept. 11, 1991.

See also 105 B.R. 394.

Frederick S. Coombs, III, Harrington, Huxley & Smith, Youngstown, Ohio, for David K. Keffler.

Gregory A. Beck, Baker, Meekison & Dublikar, Canton, Ohio, for Dean Rose.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Cross-claim Defendants David K. Keffler (Keffler) and Dean A. Rose (Rose) (collectively, Defendants) present for the court's consideration motions for abstention or dismissal for lack of jurisdiction (Motions) concerning the cross-claim brought against them by the defendant in this adversary proceeding, Wampum Hardware (Wampum). Wampum filed a response to the Motions and a reply brief was submitted by Keffler.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(c) and Fed. R.Bankr.P. 5011(b).[1] This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

## NATURE AND HISTORY OF THE CASE

Defendants were the principal owners of K & R Mining, Inc. (Debtor). As such, Defendants executed a term note and payment guarantees of certain debts due from the Debtor to Wampum. Pursuant to the guarantees, Wampum filed complaints in state court against Defendants. Wampum took judgment against Keffler in the Mahoning County, Ohio Court of Common Pleas, which is currently the subject of an appeal and a motion to vacate by Keffler. Wampum also took judgment against Rose in the Columbiana County, Ohio Court of Common Pleas. The court is unaware of

whether this judgment has been challenged.

The Chapter 7 Trustee's complaint in this adversary seeks recovery from Wampum for $33,293.13 in payments which are alleged to be preferential under 11 U.S.C. § 547. In addition, Count 2 of the complaint alleges that $126,108.14 transferred to Wampum in the year prior to May 27, 1987, when Debtor's bankruptcy petition was filed, was for the benefit of Defendants as insider guarantors and is recoverable under 11 U.S.C. § 547 and 11 U.S.C. § 550. The parties responded to the complaint, with Wampum filing a cross-claim for contribution and indemnification against Defendants on the basis of their guarantees, should Wampum be found liable to the Trustee. That cross-claim is the subject of the Motions.

## DISCUSSION

The Motions raise two grounds for relief, discretionary abstention and lack of subject matter jurisdiction. The court will initially address the issue of subject matter jurisdiction.

Under 28 U.S.C. § 1334, the district court has original, exclusive jurisdiction of cases under Title 11 and original, nonexclusive jurisdiction of civil proceedings, "arising under Title 11, or arising in or related to cases under Title 11." In the Northern District of Ohio, all such cases and proceedings are automatically referred to the bankruptcy courts pursuant to General Order No. 84 entered July 16, 1984.

A bankruptcy judge can hear and issue final, appealable orders in all Title 11 cases and all "core" proceedings, defined in part by 28 U.S.C. § 157(b)(2)(A)–(O). Non-core related proceedings may still be heard by the bankruptcy judge, who must then forward proposed findings of fact and conclusions of law to the district court, which makes a de novo review and enters a final order. The parties do not dispute that the main adversary proceeding to recover a preference is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

1. Recent amendments to 28 U.S.C. § 1334(c) and Fed.R.Bankr.P. 5011(b) now authorize the court to issue final, appealable orders determining a motion for abstention.

Wampum's initial argument is that the cross-claim must be considered a core proceeding because it arises from the same facts as the preference action and would not exist otherwise. What Wampum overlooks is that the central dispute in the cross-claim is Defendants' liability as guarantors, the exact same issue currently being litigated in state court. These are not the same facts which the Trustee must show to prove a preference against either Wampum or Defendants. "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of" the court's jurisdiction. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (interpreting predecessor statute to 28 U.S.C. § 1334). The contribution and indemnification claims do not arise from the same transaction or occurrence as the preference claim. The preference claim arises from payments made by the Debtor to Wampum, while the contribution and indemnification claims arise from Defendants' execution of the payment guarantees. This is not akin to the compulsory counterclaim in *In re Kroh Bros. Dev. Co.,* 91 B.R. 889 (Bankr. W.D.Mo.1988), which directly involved claims against the debtor, not an unrelated party. Nor is it like the matter of *In re Cinematronics, Inc.,* 111 B.R. 892 (Bankr.S.D.Calif.1990) in which the adversary complaint itself contained both core and non-core causes of action. The cross-claim is clearly a state law contract action. The majority of courts addressing this issue conclude that such an action is properly characterized as not qualifying for core status. *See In re GF Corp.,* 127 B.R. 384, 387–388 (Bankr.N.D.Ohio 1991) (citing numerous cases). This court agrees and finds that the cross-claim is not a core proceeding.

The court's next task is to determine whether it has jurisdiction over the cross-claim as a non-core related proceeding. The Sixth Circuit has held that the test for relatedness is "whether the outcome of the proceeding could have any conceivable effect on the estate ..." *In re Salem Mortgage Co.,* 783 F.2d 626, 634 (6th Cir.1986).

Wampum cites two cases for its argument that an action by a creditor against the debtor's guarantor is a related proceeding: *In re Showcase Natural Casing Co., Inc.,* 54 B.R. 142 (Bankr.S.D.Ohio 1985) and *In re Red Ash Coal & Coke Corp.,* 83 B.R. 399 (W.D.Va.1988). Both of these cases found that recovery by the creditor from the guarantor would reduce the creditor's claims against the bankruptcy case. Those are entirely different circumstances from those present here: a claim by the estate against the creditor, who is trying to recover from the guarantor should the creditor have to disgorge preferential payments. The Trustee, if successful, can recover from any or all of the parties without involving the issue of indemnification. This is also distinguishable from *GF Corp., supra,* which involved the right of indemnification against the *debtor,* not a third party.

Wampum's final argument is that the court should exercise "ancillary" jurisdiction and hear all the claims in one forum. The cited case of *In re Direct Satellite Communications, Inc.,* 91 B.R. 5 (Bankr. E.D.Pa.1988) relies on the "common nucleus of fact" argument previously disposed of in this opinion. Defendants correctly point out that in *In re Bell & Beckwith,* 55 B.R. 872 (Bankr.N.D.Ohio 1985) and *In re Earl Roggenbuck Farms, Inc.,* 51 B.R. 913 (Bankr.E.D.Mich.1985), the non-core proceedings at issue had the necessary direct impact in that the outcome had the potential to enrich or deplete the estate. The Trustee's ability to recover a preference from Wampum or Defendants is entirely distinct from whether Wampum can enforce Defendants' guarantees. If the Trustee is successful, the estate will benefit irrespective of the rights and obligations between Wampum and Defendants.

Although the court's jurisdictional powers are broad, "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." *Salem Mortgage,* 783 F.2d at 634. The court finds that this state law claim between unrelated third parties, which would have no impact on the estate, is exactly that type of situation, and de-

clines to exercise subject matter jurisdiction over the cross-claim.

■ Even if the court had concluded that this was a related proceeding, it would have exercised its discretion to abstain from hearing it. The discretionary abstention provision of 28 U.S.C. § 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The mere presence of state law issues is insufficient to mandate discretionary abstention. *In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr.S.D.Tex.1987); *In re United Security & Communications, Inc.*, 93 B.R. 945 (Bankr.S.D.Ohio 1988). However, a comprehensive list of considerations was set forth in the *Republic Reader's* case:

> (1) The effect or lack of effect on the efficient administration of the estate if a [c]ourt recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of [the court's] docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of non-debtor parties.

81 B.R. at 429. *Accord United Security*, 93 B.R. at 960; *In re Shelly's, Inc.*, 97 B.R. 370, 372 (Bankr.S.D.Ohio 1989).

Using the *Republic Reader's* factors, the court finds that abstention would be appropriate. The cross-claim parties are all non-debtors. The issues are entirely those involving state law, though they do not appear especially difficult. Not one but two state courts already have jurisdiction over the parties in proceedings which will resolve the issue of Defendants' liabilities on their guarantees. One of the state court actions is currently on appeal. The cross-claim has little if any impact on the Trustee's complaint, but instead deals with the apportionment of liability between Wampum and Defendants should the Trustee prevail on any or all of the preference claims. It is entirely feasible to sever the cross-claim and allow the state courts to continue their jurisdiction over these matters.

The court therefore finds Defendants' Motions for Abstention or Dismissal to be well taken and the same are hereby granted on the basis that the court lacks subject matter jurisdiction. The cross-claim of Wampum Hardware is dismissed.

An order in accordance herewith shall issue.