## PENSION BENEFIT GUARANTY CORPORATION, Plaintiff,

v.

## BANK ONE, N.A., et al., Defendants.

### No. C-2-97-1364.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 10, 1998.

Deborah F. Sanders, U.S. Attorney's Office, Columbus, OH, Sherease R. Pratt, Office of General Counsel, Washington, DC, for plaintiff.

Robert Myron Kincaid, Jr., Baker & Hostetler, Columbus, OH, for defendants.

### OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motion of Defendant, Bank One, N.A. ("Bank One"), for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). Bank One moves for judgment on the pleadings on Count I of the Amended Complaint filed by Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"). Bank One argues that the PBGC's cause of action against Bank One fails to state a claim because the PBGC's claim is barred by the statute of limitations. For the reasons set forth below, the Court disagrees and **DENIES** Bank One's motion.

### I. BACKGROUND

On December 17, 1997, the PBGC, as statutory trustee of the SiMetco Hourly Employees Pension Plan (the "Plan"), filed a Complaint against Defendants Bank One, Star Bank, N.A. ("Star Bank"), Ronald Cunningham and Charles Schott. On May 22, 1998, the PBGC filed a First Amended Complaint.

The First Amended Complaint contains eight counts alleging that Bank One and Star Bank, as trustees of the Plan, and Cunningham and Schott, as officers and members of

the Board of Directors of SiMetco, Inc. ("SiMetco"), breached certain fiduciary duties to the Plan in violation of various sections of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. # 1.) The dispute involved in this matter surrounds Count I of the PBGC's First Amended Complaint.

In Count I, the PBGC alleges that SiMetco is liable to the Plan for certain funding obligations in 1989. The PBGC alleges that on September 15, 1990, SiMetco contributed certain unregistered shares of common stock of SiMetco, valued at $334,100, to complete its minimum funding obligations for 1989. Further, the PBGC alleges that both Bank One, as asset trustee for the Plan, and the Plan itself accepted SiMetco's contribution without making a good faith determination of the value of the stock. The PBGC alleges that Bank One's action in accepting the contribution violated various fiduciary duties under ERISA. Specifically, the PBGC alleges that:

> In violation of 29 U.S.C. § 1104(a), Bank One did not discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries in connection with the stock transaction, in that: (a) it did not acquire and hold the stock for the Plan for the exclusive purpose of providing benefits to participants and their beneficiaries; (b) it acquired the stock without giving appropriate consideration to its investment merits, thereby failing to exercise the care, skill, prudence, and diligence that a prudent person would have used under the circumstances; and, (c) invested $334,100 of Plan assets in the unregistered common stock of a corporation with poor business prospects, thereby failing to diversify the investments of the Plan so as to minimize the risk of large losses.

(Doc. # 30 at ¶ 27.) Thus, the PBGC alleges that, as far back as 1990, Bank One violated ERISA through its actions.

On January 3, 1995, the PBGC became the statutory trustee for the Plan pursuant to 29 U.S.C. § 1342(c) (1994). Because the PBGC filed its initial Complaint on December 17, 1997, the PBGC filed its Complaint within three years of being appointed trustee for the Plan.

On August 31, 1998, Bank One filed a motion for partial judgment on the pleadings seeking dismissal of Count I against Bank One. In its motion, Bank One argues that Count I is barred by the relevant statute of limitations, 29 U.S.C. § 1113 (1994), because the PBGC did not file its Complaint until December 17, 1997—more than seven years after Bank One's alleged breach of fiduciary duties. The PBGC argues that it filed this Complaint within the relevant statute of limitations set forth in 29 U.S.C. § 1303(e)(6) (1994) rather than 29 U.S.C. § 1113. The Court examines the parties' arguments below.

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If ... matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...

Fed.R.Civ.P. 12(c). Such a motion must be sustained "by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice." 2A James Wm. Moore, et al., *Moore's Federal Practice* ¶ 12.15 (2d ed.1991). For the purposes of this motion, all well-pleaded material allegations of the non-moving party's pleadings are taken as true, and all allegations of the moving party which have been denied are taken as false. *See id.* Judgment on the pleadings may be granted only if, on the facts as to admitted allegations, the moving party is clearly entitled to judgment. *See id.*

## III. DISCUSSION

### A. The Parties' Arguments

The crux of Bank One's motion is that Count I of the PBGC's First Amended Complaint is barred by the statute of limitations

set forth in 29 U.S.C. § 1113.[1] Section 1113 provides, in pertinent part, that:

> No action may be commenced under this subchapter [subchapter I—Protection of Employee Benefit Rights, 29 U.S.C. §§ 1001–1169 (1994)] with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part [subchapter I, part 4—Fiduciary Responsibility, 29 U.S.C. §§ 1101–1114], after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; . . . .

29 U.S.C. § 1113. Thus, § 1113 provides a statute of limitations for claims brought under ERISA subchapter I, 29 U.S.C. §§ 1001–1169 (1994). In this case, Bank One argues that the last action that allegedly constituted a breach occurred in 1990; the PBGC did not file suit until 1997. Therefore, Bank One argues that the PBGC's claim of breach of a fiduciary duty is barred by the statute of limitations.

On the other hand, the PBGC argues that it is not bound by the statute of limitations found in § 1113. Instead, the PBGC argues that Congress decided to give the PBGC a separate statute of limitations. That statute of limitations is found at 29 U.S.C. § 1303(e)(6), in subchapter III of ERISA. Subchapter III of ERISA deals exclusively with the powers of the PBGC. The statute that the PBGC relies upon states:

> (A) Except as provided in subparagraph (C) [dealing with cases of fraud or concealment], an action under this subsection 29 U.S.C. § 1303(e) may not be brought after the later of—

> (i) 6 years after the date on which the cause of action arose, or

> (ii) 3 years after the applicable date specified in subparagraph (B).
>
> (B)(i) Except as provided in clause (ii), the applicable date specified in this subparagraph is the earliest date on which the [PBGC] acquired or should have acquired the actual knowledge of the existence of such cause of action.
>
> (ii) If the [PBGC] brings the action as a trustee, the applicable date specified in this subparagraph is the date on which the [PBGC] became a trustee with respect to the plan if such date is later than the date described in clause (i).

29 U.S.C. § 1303(e)(6). Thus, this statute provides that the PBGC may bring a claim under § 1303(e) against another party within three years of its appointment as trustee.

### B. Issue for the Court

Based upon the arguments of the parties, the Court is presented with the following issue: Which statute of limitations should the Court apply when the PBGC, acting as trustee for a pension plan, sues a defendant for breach of a fiduciary duty? Should the Court use the statute of limitations found in subchapter I of ERISA (which would bar the PBGC's claim) or should the Court apply the statute of limitations found in subchapter III of ERISA (which would allow the PBGC's claim to go forward)?

The Court concludes that it must apply the statute of limitations found in subchapter III. Thus, the PBGC has three years from its appointment as trustee to sue defendants such as

Bank One for an alleged breach of fiduciary duties. Cf. *Pension Benefit Guar. Corp. v. Scherling*, 905 F.2d 173, 175 (8th Cir.1990).

### C. Analysis

■ The starting point for the Court's determination of which statute of limitations to

---

1. Although both parties cite to the applicable ERISA sections rather than the United States Code, the Court cites to the United States Code for its own convenience and for clarity.

   In addition, the Court notes that the public law version of ERISA divided the law into four titles.

In the codified version, ERISA is currently divided into three subchapters with Title IV of ERISA codified as subchapter III; Title I of ERISA is codified in subchapter I. See *Pension Benefit Guar. Corp. v. Scherling*, 905 F.2d 173, 174 n. 4, 175 n. 6 (8th Cir.1990).

apply begins with an examination of the various sections of ERISA. Initially, the Court looks to 29 U.S.C. § 1303(e)(1). Section 1303(e)(1) allows the PBGC to bring civil actions to enforce "(A) the provisions of this subchapter [subchapter III—Plan Termination Insurance, 29 U.S.C. §§ 1301–1461]." 29 U.S.C. § 1303(e)(1)(A). In general, then, the PBGC has no authority to sue under subchapter I of ERISA but may only bring civil actions under subchapter III. See 29 U.S.C. § 1303(e)(1); *Scherling*, 905 F.2d at 175.

Nevertheless, the PBGC may act as a trustee under its subchapter III powers. See 29 U.S.C. § 1342(c). As a trustee, the PBGC may collect monies owed to the plan and "commence, prosecute, or defend on behalf of the plan any suit or proceeding involving the plan." 29 U.S.C. § 1342(d)(1)(B)(iv); *see also* 29 U.S.C. § 1342(d)(1)(B)(ii). In addition, when acting as a trustee, the PBGC may sue persons such as Defendants for breach

of the fiduciary duties described under subchapter I of ERISA. *See Scherling*, 905 F.2d at 175–76; *see also* P.B.G.C. Op. 79–17, at \*2 (Dec. 17, 1979), *available* in 1979 WL 6883. Thus, the PBGC's authority for suing Defendants comes from subchapter III of ERISA and not subchapter I. *See Scherling*, 905 F.2d at 176 & n. 8.

■ Because the PBGC's authority derives from subchapter III, the PBGC is really suing Defendants under its subchapter III powers. The statute of limitations for the PBGC to use its subchapter III powers is found at 29 U.S.C. § 1303(e)(6) not at § 1113. Section 1303(e)(6) provides that, when the PBGC acts as a trustee, it must initiate an action against other parties within three years of its appointment as trustee. In this case, the PBGC filed its Complaint within that three year time period. Accordingly, the PBGC filed within the statute of limitations. Bank One's argument that the PBGC's claim that Bank One violated a fiduciary duty to the Plan is without merit. The Court **DENIES** Bank One's motion for partial judgment on the pleadings.

Furthermore, the Court agrees with the *Scherling* court's description of the public policy behind a different statute of limitations. In a footnote, the Eighth Circuit stated:

Section 1342 grants the PBGC discretion to decide whether and when to appoint a trustee for a plan in termination proceedings. The statute of limitations runs for three years from the date the PBGC appoints itself trustee. [*See*] 29 U.S.C. § 1303(e)(6). Allowing the PBGC this discretion, the defendants assert, contravenes the public policy that a statute of limitations should protect a defendant from claims difficult to defend against because of the elapsed time.

If the statute of limitations were not to start when the PBGC takes over as trustee, however, the PBGC easily could be caught powerless to pursue actions against those responsible for forcing the plan into an underfunded termination. Annual reports of the plans are filed with the Secretary of Labor, not the PBGC. [*See*] 29 U.S.C. § 1021. If these reports reveal underfunding or a breach of fiduciary duty, the Secretary of Labor and not the PBGC is authorized to bring suit to correct the matter, [*see*] 29 U.S.C. § 1132, provided the plan is not in termination proceedings. Quite possibly, the Secretary of Labor might overlook a violation that later causes the underfunded termination of the plan. The PBGC then might be forced to take over as trustee at a time when the limitations period in section 1113 has already expired. Section 1303 avoids this problem by giving the PBGC three years from the date it becomes trustee to discover and pursue these matters.

*Scherling*, 905 F.2d at 176 n. 8. The Court believes that this public policy justifies the different statute of limitations. Consequently, the Court finds that the statute of limitations applicable to the PBGC's claim that Bank One allegedly violated its fiduciary duties is found in 29 U.S.C. § 1303(e)(3).

## IV. CONCLUSION

Upon consideration and being duly advised, the Court **DENIES** the motion of Defendant, Bank One, N.A., for partial judg-

ment on the pleadings. The Court finds that the statute of limitations governing Count I of the Complaint filed by Plaintiff, the PBGC, is found at 29 U.S.C. § 1303(e)(6).

**IT IS SO ORDERED.**